MICHAEL BAILEY
United States Attorney
District of Arizona
MARK J. WENKER
Assistant United States Attorney
Arizona State Bar Number 018187
Two Renaissance Square
40 North Central Avenue, Suite 1800
Phoenix, Arizona 85004-4408
Telephone: (602) 514-7500
Mark.Wenker@usdoj.gov

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>$28,000.00 in United States Currency,<br><br>　　　　　Defendant *in Rem*. | **VERIFIED COMPLAINT FOR FORFEITURE *IN REM*** |

Plaintiff United States of America brings this complaint and alleges as follows in accordance with Rule G(2) of the Federal Rules of Civil Procedure, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions:

## NATURE OF THE ACTION

1. This is a civil action *in rem*, brought to enforce the provision of 21 U.S.C. § 881(a)(6) for the forfeiture of property which represents money or other things of value furnished or intended to be furnished by a person in exchange for a controlled substance, proceeds traceable to such an exchange, and money used or intended to be used to facilitate a violation of Title II of the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*

2. This is a civil action *in rem*, brought to enforce the provision of 18 U.S.C. § 981(a)(1)(A) and (C) for the forfeiture of property because it was involved in a

transaction or attempted transaction in violation of a money laundering offense or any property traceable to such property, and because it constitutes or is derived from proceeds traceable to a violation of, among other things, 21 U.S.C. § 841.

3. Venue and jurisdiction in Arizona are based upon 21 U.S.C. § 881(j), and 28 U.S.C. §§ 1355(b) and 1395 as acts and omissions occurred in the District of Arizona that give rise to this forfeiture action. This Court has jurisdiction. 28 U.S.C. §§ 1345 and 1355, and 18 U.S.C. § 981(h)..

## DEFENDANT *IN REM*

4. The defendant is $28,000.00 in United States currency ("defendant property") seized on May 20, 2020. The defendant property is in the custody of the United States Postal Inspection Service.

## INTRODUCTION

5. On May 19, 2020, Postal Inspectors from the Phoenix Division of the United States Postal Inspection Service (USPIS) removed a suspicious Priority Express Mail parcel from the mail stream at the Phoenix Processing Service and Distribution Center after it was identified as bearing certain characteristics associated with the mailing of illegal drugs and/or illegal drug proceeds.

6. The parcel, EL321859756US, was postmarked May, 18, 2020 and addressed to "Eddie Dee, 2320 E. Baseline Rd. #148153, Phoenix, AZ 85042," and bore a return address of "L&R LLC, PO Box 42193, Charlotte, NC 28215" (the "Subject Parcel").

7. The Subject Parcel was a brown cardboard box with Priority Mail Express tape and eBay tape. It measured 10" x 10" x 10", weighed approximately 3 lbs., 4 oz., and had $67.55 in postage affixed to it, and the label was handwritten.

8. Postal Inspectors know through training and experience that drug traffickers often use the U.S. Mail to transport controlled substances either as payment or proceeds from the sale of controlled substances to areas throughout the United States.

Traffickers know that the U.S. Mail, especially Express and Priority Mail, is considered First Class Mail and is protected against inspection without a Federal Search Warrant.

9. Traffickers prefer mail/delivery services such as Express Mail and Priority Mail because of their reliability and the ability to track the article's progress to the intended delivery point. When a drug trafficker learns that a mailed article has not arrived as scheduled, he/she becomes suspicious of any delayed attempt to deliver the item.

10. Postal Inspectors are aware that the State of Arizona is a source location for controlled substances based on its close proximity to the border between the United States and Mexico. Controlled substances are frequently transported from Arizona via U.S. Postal Service (USPS), and the proceeds from the sale of controlled substances are frequently returned to Arizona via USPS.

11. Based on their training and experience regarding Express Mail operations, U.S. Postal Inspectors (Postal Inspectors) are aware that the Express Mail service was designed primarily to fit the needs of businesses by providing overnight delivery for time-sensitive materials.

12. Postal Inspectors, who specialize in investigations relating to the mailing of controlled substances, know it is common for drug traffickers to use names not associated with an address or fictitious names and addresses to evade detection by law enforcement.

13. Postal Inspectors identified the following suspicious characteristics attributable to the Subject Parcel:

    a) Legitimate businesses typically use pre-printed labels when mailing Express Mail, while narcotics traffickers typically hand write their labels. The Subject Parcel contains a label with handwritten address information and is addressed from one business to another individual;

    b) Corporate charge accounts were developed by the United States Postal Service to avoid time-consuming cash payments by businesses for

3

business mailings. The handwritten label on Subject Parcel does not contain a business account number, thereby indicating that the sender likely paid cash;

c) The Subject Parcel was destined and originated from an area known to be a frequent destination and origination point for controlled substances, having been mailed from an area known to be a source for controlled substances;

d) The Subject Parcel was sent via Express Mail next-day service. The USPS provides a tracking service with Express Mail through a USPS tracking number, which allows the customer to track the parcel and confirm delivery;

e) The ZIP Code (28262) of mailing was different from the ZIP Code (28215) listed on the return address portion of the express mail label. Narcotics traffickers will often mail the parcel at different post offices to avoid detection.

14. On May 19, 2020, utilizing law enforcement databases, Postal Inspectors conducted research on the Subject Parcel's return address, L&R LLC, PO Box 42193, Charlotte, NC 28215 and it was a good delivery address.

15. The business, L&R LLC, was not associated with the subject address. However, the business Loyal and Rich Records was associated with the return address.

16. On May 27, 2020, Postal Inspectors obtained a copy of PS Form 1093, Online Application for Post Office Box Service for P.O. Box 42193, Charlotte, NC 28215.

17. The box holder was listed as Terry Bulloch (BULLOCH).

18. BULLOCH established delivery to the mailbox on August 2, 2015.

19. BULLOCH provided a North Carolina driver's license as identification.

20. BULLOCH's physical address was listed as 401 Lambeth Dr., Apt. 6, Charlotte, NC 28213.

21. Postal Inspectors conducted research and there were no forwards on file for L&R LLC, Loyal and Rich Records or BULLOCH at the P.O. Box or physical address.

22. Law enforcement research on BULLOCH revealed a North Carolina driver's license which bore the address 10623 Greyhound Dr., Charlotte NC.

23. On May 19, 2020, research was conducted on the destination address which indicated it was a Private Mailbox at a Commercial Mail Receiving Agency (CMRA).

24. The addressee, Eddie Dee (DEE), was associated with the subject address.

25. On May 27, 2020, Postal Inspector's obtained a copy of the PS Form 1583, Application for Delivery of Mail Through Agent, for Private Mailbox 153.

26. DEE was listed as the box holder and he established delivery to the mailbox on July 14, 2014.

27. DEE provided an Arizona driver's license and an Arizona medical marijuana card as identification.

28. DEE's physical address was listed as 4424 E. Baseline Rd., Apt. 2148, Phoenix, AZ 85042.

29. On the same day, research was conducted on the CMRA address and the physical address. There were no forwards on file for the addressee.

30. Law enforcement research on DEE revealed an Arizona driver's license which bore the CMRA address.

31. Further research through law enforcement database indicated DEE is currently associated with the address 8107 S. 21st Dr., Phoenix, AZ 85041.

**Canine Examination of the Subject Parcel**

32. On May 19, 2020, Postal Inspectors met with Mesa Police Department Canine Handler/Detective Dawn Haynes and her canine "Nicole" at the Phoenix Processing & Distribution Center in Phoenix, Arizona, located at 4949 East Van Buren Street, Phoenix, Arizona 85026.

33. Detective Haynes is currently assigned to the handling and care of Mesa Police Department canine "Nicole."

34. Detective Haynes has been a police officer for 19 years.

35. Narcotic canine Nicole is a three-year old Belgian Malinois, who has been working narcotics detection for the Mesa Police Department since February 2020.

36. Since Nicole began working at the Mesa Police Department, Nicole has had over 100 successful finds, both training finds and finds that have contributed to active investigation of controlled substances and/or the proceeds from the sale of controlled substances.

37. Nicole and Detective Haynes are currently certified with the National Certification in narcotics detection by the National Police Canine Association, and last certified March 2020.

38. Nicole is a sophisticated drug dog. *See United States v. $132,245.00 in U.S. Currency,* 764 F.3d 1055, 1059 (9th Cir. 2014).

39. On May 19, 2020, Detective Haynes and Nicole conducted an inspection of the Subject Parcel.

40. Detective Haynes advised Inspectors that Nicole presented a positive alert to the Subject Parcel by exhibiting a change in behavior consistent with the detection of controlled substances and/or their odors on or within the subject parcel.

41. The "positive" alert given by Nicole indicates the presence of narcotics or a controlled substance, currency, notes, documents or evidence bearing the presence of the odors of heroin, cocaine, marijuana and/or methamphetamine within the Subject Parcel.

42. Individuals who regularly handle controlled substances often leave the scent of controlled substances on the box and other packaging materials they handle.

43. Packaging materials are also often stored in close proximity to the controlled substances, transferring the odor to the packaging materials. Narcotic canines are trained to alert on these substances.

**Search Warrant**

44. On May 20, 2020, Postal Inspectors obtained and executed a federal search warrant on the Subject Parcel.

45. Upon execution of the search warrant on the Subject Parcel, Postal Inspectors discovered pink packing peanuts and a gray/white gift wrapped cardboard box.

46. The interior cardboard box was found to contain pink packing peanuts and a gray/white gift wrapped bundle.

47. Housed inside the gift wrapping paper was a vacuum sealed plastic bag which contained a bundle wrapped in aluminum foil.

48. Narcotic traffickers often secrete or conceal controlled substances and currency from the sale of controlled substances in vacuum sealed bags and/or aluminum foil wrapping to avoid detection by law enforcement and narcotic canines.

49. Concealed inside the aluminum foil were rubber-banded bundles of U.S. currency totaling $28,000.00.

50. There were no notes, receipts or instructions in the panel.

51. Individuals who traffic in controlled substances rarely include any type of instructions with the proceeds.

52. Legitimate businesses or personal gifts include notes, letters, receipts, cards or coupons with cash or monetary instruments in a package.

53. The currency in the Subject Parcel consisted mainly of $20 bills, making up $18,000 of the $28,000 found.

54. Narcotics traffickers are known to use low denomination currency to conduct their business. Inspectors have found that in most cases narcotics payments are primarily in twenty-dollar denominations.

55. The currency in the Subject Parcel is consistent with narcotics trafficking.

56. The following represents a breakdown of the currency seized.

| Number of Bills | Denomination | Amount |
|---|---|---|
| 96 | $100.00 | $ 9,600.00 |
| 8 | $ 50.00 | $   400.00 |
| 900 | $ 20.00 | $18,000.00 |
| **Total** | | **$28,000.00** |

**Terry BULLOCH's Telephone Call to USPS**

57. On May 22, 2020, a male individual who identified himself as "Terry BULLOCH" called the Post Office to inquire as to the whereabouts of Priority Mail Express parcel EL321859756US.

58. BULLOCH stated the package was addressed to 2320 E. Baseline Rd., Phoenix, Arizona and contained jewelry/precious metals.

59. BULLOCH stated his business is called "Loyal & Rich" and he provided a phone number XXX-XXX-5601.

60. Postal Inspector conducted research on XXX-XXX-5601, which revealed the phone number was possibly assigned to a wireless phone.

61. The name Tamika Powell was associated with the phone number. However, there was no address listed.

62. A google search was performed on Loyal & Rich Records, LLC and Road Runna Enterprises.

63. The research failed to identify websites for either business. However, the research returned two articles posted by CNN politics indicating the businesses were each approved for $150K to $350K in Paycheck Protection Program (PPP) loans.

**Prior Express Mail Seizures Associated with Eddie DEE**

64. Since September 2016, Postal Inspectors began investigating individuals believed to be trafficking in narcotics proceeds via the U.S. Mail between Phoenix, Arizona and Vicksburg, Mississippi.

65. On September 13, 2016, Postal Inspectors intercepted Priority Mail Express parcel EK612998545US.

66. The parcel was postmarked September 12, 2016, and was addressed to "Tinina Bonds, 4114 North 22nd St, Unit 3, Phoenix, Arizona 85016" and bore return address of "Chris Buford, 1922 Main St., Vicksburg, MS 39180."

67. A trained narcotics detection canine from the Peoria Police Department examined the parcel and alerted to the presence and/or odors of controlled substances.

68. On the same day, Postal Inspectors responded to the address of 4114 N. 22nd St., Unit 3, Phoenix, Arizona to conduct a "knock and talk."

69. Postal Inspectors made contact with the parcel's addressee, Tinana Bonds, and a male individual who identified himself as "Eddie" (later identified as Eddie DEE).

70. Ms. Bonds was questioned regarding the contents of the subject parcel.

71. Ms. Bonds stated the package contained money from her family in Mississippi. However, when she was questioned about the parcel she did not know the amount of money it contained, nor was she able to provide the name or address of the family member that mailed it.

72. DEE placed a telephone call to the sender and was informed the package contained $7,000.

73. DEE told Ms. Bonds the amount of money in the package and she relayed the information to the Postal Inspectors.

74. Ms. Bonds indicated the money was intended to pay her bills. She refused to consent to a search of the parcel.

75. The parcel was subsequently opened via a federal search warrant which revealed $6,900.00 in U.S. currency.

76. The currency was concealed in a multi-colored blanket.

77. A claim and a Petition for Remission or Mitigation of Forfeiture were filed by Ms. Bonds and Mr. Buford.

9

78. The property was forfeited to the United States Government via a default judgment on May 17, 2017 in case CV17-00342-PHX-ESW.

**Terry BULLOCH's Criminal History**

79. A check of federal, state, and local law enforcement indices revealed that Terry BULLOCH had a criminal history in Michigan, North Carolina and Georgia.

80. In July 2012, BULLOCH was charged by the Kent County Prosecuting Attorney with:

    (a) dangerous drugs (disposition unknown);

    (b) controlled substance possess cocaine heroin or another narcotic less than 25 grams (dismissed);

    (c) controlled substance – possession of marijuana or synthetic equivalents (convicted), and;

    (d) controlled substance use narcotic/cocaine ecstasy (convicted).

81. In July 2013, BULLOCH was arrested by the Wyoming Police Department and charged with the following:

    (a) dangerous drugs (disposition – warrant requested from Prosecutor);

    (b) controlled substance – possession of marijuana or synthetic equivalents (convicted).

82. In September 2013, BULLOCH was charged by the 17th Circuit Court with:

    (a) dangerous drugs (disposition unknown);

    (b) controlled substance deliver/manufacture cocaine, heroin or another narcotic less than 50 grams (dismissed);

    (c) controlled substance possession of marijuana or synthetic equivalents (dismissed);p

    (d) controlled substance 2nd or subsequent offense (dismissed);

    (e) controlled substance possession cocaine, heroin or another narcotic less than 25 grams (convicted).

10

83. On August 2016, BULLOCH was charged with:
    (a) possess marijuana ½ oz (dismissal without leave by DA);
    (b) possession marijuana paraphernalia (dismissal without leave by DA), and;
    (c) simple possess schedule IV controlled substance (dismissal without leave by DA).

84. On September 11, 2017, BULLOCH was arrested by the MSP Brighton Post and charged for dangerous drugs (disposition unknown).

**Eddie DEE's Criminal History**

85. A check of federal, state, and local law enforcement indices revealed that Eddie DEE had a criminal history in Arizona.

86. In February 2000, DEE was charged with sale of marijuana/less one ounce. Disposition unknown.

87. In November 2000, DEE was charged with sale of controlled substance/cocaine (disposition unknown).

88. In May 2003, DEE was charged with possession of marijuana (disposition unknown).

89. In July 2007, DEE was charged with the following:
    (a) possess/use weapon in drug offense (court dismissal)
    (b) marijuana possession for sale (no complaint filed)
    (c) marijuana transport and/or sell (court dismissal)
    (d) narcotic drug possess for sell (guilty), and drug paraphernalia possess/use (court dismissal).

90. In February 2009, DEE was charged with the following:
    (a) aggravated assault deadly weapon/dangerous instrument (disposition not recorded)
    (b) possess weapon by prohibited person (guilty)
    (c) possess/use weapon in drug offense (disposition not recorded)

(d) marijuana possess for sale (disposition not recorded)

(e) aggravated assaulted (court dismissed)

(f) discharge firearm at a structure (court dismissal)

(g) marijuana violation (court dismissal)

(h) misconduct involving weapons (court dismissal)

91. In November 2015, DEE was charged with controlled substance violations amend to possession of marijuana (convicted).

92. In May 2016, DEE was charged with:

(a) possess weapon by prohibited person (court dismissal)

(b) marijuana transport and/or sell (court dismissal)

(c) marijuana possess for sale (court dismissal)

(d) narcotic drug possess for sale (disposition not recorded)

(e) narcotic drug transport and/or sell (disposition not recorded)

(f) drug paraphernalia possess/use (disposition not recorded).

**Terry BULLOCH Wage Report**

93. Postal Inspectors conducted a wage request in the state of North Carolina on BULLOCH.

94. The wage requested indicated BULLOCH was employed by Pearsons Sweets and Treats on Wheels in the fourth quarter of 2016 and earned $1,812.50.

95. In 2017, BULLOCH was employed by Pearsons Sweets and Treats on Wheels and earned $4,893.75.

96. In 2018, BULLOCH was employed by Loyal and Rich Records, LLC and earned $8,800.00.

97. In 2019, BULLOCH was employed by Loyal and Rich Records, LLC and earned $14,500.00.

98. In 2020, BULLUCH was employed by Loyal and Rich Records, LLC and earned $6,500.00.

**Eddie DEE Wage Report**

99. On July 30, 2020, a wage request was conducted through the Mesa Police Department the personal identifiers of Eddie DEE.

100. Records indicate wages were reported by the business, Road Runna Enterprises, LLC, for DEE in the amount of $12,800 in 2018.

101. In 2019, DEE earned $22,800.

102. In the first quarter of 2020, DEE earned $3,000.

**Administrative Claim by Terry BULLOCH**

103. On July 17, 2020, USPIS mailed notice letters to all known interested parties with a claim deadline of August 21, 2020.

104. On July 27, 2020 USPIS received a valid claim to the property from Terry BULLOCH via attorney Jacek W. Lentz.

105. On August 6, 2020 USPIS mailed a letter to BULLOCH c/o counsel Jacek Lentz, notifying BULLOCH in response to BULLOCH'S CLAIM, the matter was being referred to the United States Attorney's Office.

106. On August 7, 2020 USPIS mailed a letter to BULLOCH c/o counsel Jacek Lentz, requesting additional information related to his claim to substantiate that the seized currency came from legitimate and legal sources.

107. The letter requested a response deadline of 10 days from the receipt of the mailing.

108. Postal records revealed the First Class letter was delivered to the front desk/reception of The Lentz Law Firm, P.C., 1200 Wilshire Blvd., Ste. 406, Los Angeles, CA 90017-1919 on August 10, 2020 with a response deadline of August 20, 2020.

109. Neither BULLOCH nor his attorney provided any documentation or information requested by USPIS to substantiate that the seized currency came from a legitimate or legal source.

## FIRST CLAIM FOR RELIEF

The defendant property was furnished or intended to be furnished by a person in exchange for a controlled substance or listed chemical in violation of Title II of the Controlled Substances Act, 21 U.S.C. § 801, *et seq.*, or constitutes proceeds traceable to such an exchange, or was used or intended to be used to facilitate a violation of Title II of the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, and therefore is subject to forfeiture to the United States pursuant to 21 U.S.C. § 981(a)(1)(A).

## SECOND CLAIM FOR RELIEF

The defendant property was involved in a transaction or attempted transaction in violation of a money laundering offense or any property traceable to such property, and it constitutes or is derived from proceeds traceable to a violation of, among other things, 21 U.S.C. § 841, and is, therefore subject to forfeiture to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(A) and (C).

WHEREFORE, the United States of America prays that process of warrant *in rem* issue for the arrest of the defendant property; that judgment be entered declaring the defendant property be forfeited to the United States of America for disposition according to law; and that the United States of America be granted such other and further relief as this Court deems just and proper, together with the costs and disbursements of this action.

DATED this 21st day of October, 2020.

MICHAEL BAILEY
United States Attorney
District of Arizona

/S/ Mark J. Wenker
MARK J. WENKER
Assistant United States Attorney

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

# Civil Cover Sheet

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use only in the District of Arizona.

**The completed cover sheet must be printed directly to PDF and filed as an attachment to the Complaint or Notice of Removal.**

**Plaintiff(s): United States of America**

County of Residence: Maricopa

County Where Claim For Relief Arose: Maricopa

**Defendant(s): $28,000.00 in United States Currency**

County of Residence: Maricopa

Plaintiff's Atty(s):

**Mark J Wenker, Assistant United States Attorney
United States Attorney's Office
40 North Central Avenue, Suite 1800
Phoenix, Arizona  85004-4408
602-514-7500**

Defendant's Atty(s):

II. Basis of Jurisdiction:    **1. U.S. Government Plaintiff**

III. Citizenship of Principal Parties
(Diversity Cases Only)
                    Plaintiff:- **N/A**
                    Defendant:- **N/A**

IV. Origin :    **1. Original Proceeding**

V. Nature of Suit:    **625 Drug Related Seizure of Property 21 USC 881**

VI. Cause of Action:    **Forfeiture of property to the U.S pursuant to 21 U.S.C. § 881(a)(6).**

VII. Requested in Complaint
         Class Action: **No**
         Dollar Demand: **28,000.00**
         Jury Demand: **No**

VIII. This case **is not related** to another case.

Signature:  **/S/ Mark J. Wenker**

**Date:** <u>10/21/2020</u>

**If any of this information is incorrect, please go back to the Civil Cover Sheet Input form using the *Back* button in your browser and change it. Once correct, save this form as a PDF and include it as an attachment to your case opening documents.**

Revised: 01/2014

**VERIFICATION**

I, Miranda Garcia, verify and declare under penalty of perjury that, I am a Postal Inspector with the United States Postal Inspection Service, that I have read the foregoing Complaint for Forfeiture *In Rem* and know the contents, and that the matters contained in the Complaint are true to my own knowledge, except that those matters alleged upon information and belief and as to those matters, I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case.

I verify and declare under penalty of perjury that the foregoing is true and correct. Executed on this 15th day of October, 2020.

*Miranda Garcia*
Miranda Garcia, Postal Inspector
United States Postal Inspection Service